UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL E. JOHNSON,

    Plaintiff,

    v.   CAUSE NO. 1:25-CV-53 DRL-SJF

ALLEN COUNTY JAIL and ALLEN
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

OPINION AND ORDER

Michael E. Johnson, a prisoner without a lawyer, filed a complaint that contains unrelated claims. ECF 1. He complains about various aspects of the conditions of confinement during his detention at the Allen County Jail from May 19, 2023 through January 22, 2025, including the clothing and laundry policies, frequent water restrictions and flooding, an insect infestation in the shower, and inadequate food. In addition, he alleges that his ability to practice his religion has been hindered because his block officers never allow him to go to church services and the clock on his block is broken, preventing him from observing prayer times. Finally, he alleges that Confinement Officer Litten discriminated against him on September 6, 2023 by serving him last for dinner because he is Black.

These claims are not all related. Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). These do not

all stem from the same transaction or occurrence, nor does Mr. Johnson properly link them through a defendant. Here, Mr. Johnson sues the Allen County Jail and the Allen County Sheriff's Department, apparently seeking to hold these entities liable for everything that happened to him at the jail. However, the Allen County Jail is a building and not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). The Sheriff's Department is a suable entity, but it is not a proper defendant for all these claims.

The Sheriff's Department cannot be held liable under 42 U.S.C. § 1983 based solely on the actions of its employees. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). A claim under § 1983 must be based on a defendant's personal involvement, which, in the case of a governmental entity like the Sheriff's Department, requires a plaintiff to plausibly allege that he was deprived of a federal right by an official policy, custom, or practice attributable to the organization. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In other words, a claim under *Monell* "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) (quotation marks and ellipses omitted). Such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008)

2

(citations omitted). There are no allegations linking all the claims in the complaint to a custom or policy of the Allen County Sheriff's Department, so they cannot all be brought in the same lawsuit.

"[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Mr. Johnson needs to decide which related claims to bring in this case and who is the appropriate defendant. The Allen County Sheriff's Department is responsible only for injuries attributable to an official department policy or custom. Other claims must be brought against the individuals who were personally involved in the alleged violation. After he chooses which claims and defendants he wants to include, Mr. Johnson must file an amended complaint by writing this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. If he wants to pursue any other claims, he must file a separate complaint, which will be assigned a new case number and assessed a separate filing fee for each group of claims.

For these reasons, the court:

(1) GRANTS Michael E. Johnson until **July 16, 2025**, to file an amended complaint containing only related claims; and

(2) CAUTIONS Michael E. Johnson if he does not respond by the deadline, the court will select a claim and dismiss the others.

SO ORDERED.

June 13, 2025                               *s/ Damon R. Leichty*
                                            Judge, United States District Court