UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | CAUSE NO. 1:25-CV-53-JD-SJF |

OPINION AND ORDER

Michael E. Johnson, a prisoner without a lawyer, filed a second amended complaint. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson initiated this case by filing a complaint that included unrelated claims. ECF 1. He complained about various aspects of the conditions of confinement during his detention at the Allen County Jail, from May 19, 2023, through January 22, 2025, including problems with clothing, laundry, frequent water restrictions, flooding, insects, and food. In addition, he alleged that his ability to practice his religion was

being hindered. And, he alleged that an officer discriminated against him by serving him last for dinner because he is Black.

The court explained that Johnson's claims were not all related because they did not stem from the same transaction or occurrence and were not linked by a common defendant. ECF 7. Fed. R. Civ. P. 18(a), 20(a)(2). The court explained that he could not sue the Allen County Jail because it is a building and not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). The only other defendant Johnson named was the Allen County Sheriff's Department and, while it is a suable entity, it was not a proper defendant for all of the claims Johnson brought in his complaint. The Sheriff's Department cannot be held liable under 42 U.S.C. § 1983 based solely on the actions of its employees. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). A claim under § 1983 against a governmental entity requires a plaintiff to plausibly allege that he was deprived of a federal right by an official policy, custom, or practice attributable to the organization. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In other words, a claim under *Monell* "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) (quotation marks and ellipses omitted).

Johnson filed an amended complaint (ECF 9) naming only the Allen County Sheriff's Department, but it alleged that the Sheriff's Department violated his Free Exercise rights under the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the prohibition on cruel and unusual punishment in the Eighth Amendment without providing factual details about what happened. The amended complaint was stricken, and Johnson was given another opportunity to file an amended complaint. ECF 10.

Johnson has now filed his second amended complaint. ECF 14. It names only the Allen County Sheriff's Department as a defendant and includes the same litany of complaints about various conditions at the Allen County Jail as his first complaint.

Johnson complains about the condition of the jumpsuits issued by the jail. Some have holes and, at least for inmates who are indigent and unable to purchase undergarments, this left some inmates' genitals exposed. Johnson, however, does not allege that he received a jumpsuit that did not allow his genitals to be covered. Furthermore, there are no factual allegations suggesting the Allen County Sheriff's Department has a policy of issuing damaged clothes to inmates knowing they would provide insufficient coverage.

Johnson also complains that he had to wear the same jumpsuit for weeks because, even though the jail's policy allows for jumpsuits to be exchanged, when he asked officers to exchange his jumpsuit, his request were frequently denied due to lack of time or an insufficient supply of clean jumpsuits. Here, Johnson alleges that the jail had a policy that *does* allow for regular exchange of laundry, but correctional officers do

not follow this policy. These allegations do not state a claim against the Allen County Sheriff's Department because they do not permit a plausible inference that the Allen County Sheriff's Department has a policy or custom that led to constitutionally inadequate laundry exchanges. In general, "[h]aving to wear the same clothes for two or three weeks is not a deprivation of constitutional magnitude." *Gordon v. Sheahan*, No. 96 C 1784, 1997 WL 136699, at *8 (N.D. Ill. Mar. 24, 1997). In some circumstances, inadequate laundering can pose a risk to an inmate's health by exposing him to others' bodily fluids or communicable diseases. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503-04 (7th Cir. 2016). *But see Passmore v. Josephson*, 376 F. Supp. 3d 874, 881-82 (N.D. Ill. 2019) (collecting cases and finding no constitutional violation where plaintiff was often given inadequately laundered, stained underwear because inmates could choose to forgo wearing underwear and had the ability to launder their clothes themselves). Johnson alleges that wearing the same jumpsuit for weeks could have caused a rash, skin irritation, or infection, but he does not indicate that he suffered any physical injury from inadequate laundry exchanges. But, even if Johnson had suffered an injury due to inadequate laundry exchanges, here it cannot be plausibly inferred that it was the Allen County Sheriff's Department's policy that caused the injury. Therefore, Johnson may not proceed on this claim.

Additionally, Johnson alleges that plumbing problems led to frequent flooding and required that water be turned off for extended periods of time. This allegedly caused him to become dehydrated and limited his ability to use the toilet, shower, wash his hands, brush his teeth, and keep his area clean. Additionally, gnats, flies, and other

small bugs would come out of the shower drains. It cannot be plausibly inferred from the allegations in Johnson's second amended complaint that the flooding, need to turn off water, or bugs were the result of a policy of the Allen County Sheriff's Department. Therefore, these allegations do not state a claim.

Johnson also complains about the food. Hot meals were served cold. Portions were allegedly small and lacking in sufficient nutrients. Food was sometimes undercooked and sometimes overcooked. Cereal and bread were stale. Some milk was served after the expiration date, and Johnson found hairs in his food. Johnson is entitled to nutritionally adequate and safe food, but he is not entitled to well-prepared food or food that is appetizing. *See Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) ("Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." (quoting *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004)); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) ("complaints about cold and poorly-prepared food" do not state an Eighth Amendment claim). While Johnson contends that the food was nutritionally inadequate, this conclusory statement is not supported by factual allegations that permit such an inference. Furthermore, he does not allege facts from which it can be inferred that the problems with the food, to the extent it was nutritionally adequate or unsafe, was the result of a policy of the Allen County Sheriff's Department. Therefore, Johnson may not proceed on these claims.

Finally, Johnson raises claims related to his religious rights. Although the jail's policy allowed Johnson to attend church twice each month, confinement officers would not allow him to attend. He also complains that he did not always know the time

because there was no clock in his unit and he did not always have access to his tablet, and this meant he did not always know when it was time to pray.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "The Free Exercise Clause prohibits the state from imposing a 'substantial burden' on a 'central religious belief or practice.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *Kaufman v. McCaughtry*, 419 F.3d 678, 682-83 (7th Cir. 2005)). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (quotation marks and alterations omitted). But "[i]n the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman*, 733 F.3d at 696 (quoting *O'Lone v. Shabazz,* 482 U.S. 342, 349 (1987)). Here, it cannot be plausible inferred that either of the problems Johnson complains about were the result of a policy or practice of the Allen County Sheriff's Department. Therefore, Johnson may not proceed against the Allen County Sheriff's Department on any claim arising under the First Amendment.

However, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). As with the First Amendment, "a prisoner's

request . . . must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect of his religious practice has been substantially burdened. *Id.* At a later stage, the burden will shift to the defendant to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008).

Johnson has plausibly alleged both that not being allowed to attend church services or participate in prayer at designated times constituted a substantial burden on his religious practice. However, he is no longer at the jail, so injunctive relief is foreclosed. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). If Johnson were housed in the Indiana Department of Correction when the alleged violations occurred, he could not proceed because RLUIPA does not authorize money damages against either a State or an individual. *See Sossamon v. Texas*, 563 U.S. 277, 285-88 (2011) (RLUIPA's authorization of "appropriate relief" not an unambiguous waiver of a State's Eleventh Amendment Immunity); *Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019) (RLUIPA applies to certain entities that receive federal funds, but an individual doesn't receive federal funds). However, the possibility of money damages against a municipality is not foreclosed by the Eleventh Amendment. *See Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 146 S. Ct. 1931, 1963 (2026) (Justice Jackson noting in dissent that "[a] prisoner who happens to be housed in a local rather than state jail may recover

damages from the municipality[.]"); *see also Williams v. Redman*, No. 3:20-CV-196-JD-MGG, 2021 WL 1907224, at *2–3 (N.D. Ind. May 12, 2021). At this stage of the proceedings, Johnson has alleged enough to proceed on a claim under RLUIPA against the Allen County Sheriff's Department to receive money damages for being prevented from attending church and observing the proper prayer times mandated by his religion while housed there from May 19, 2023, through January 22, 2025.

For these reasons, the court:

(1) GRANTS Michael E. Johnson leave to proceed against the Allen County Sheriff's Department for monetary damages for preventing Johnson from attending services and participating in prayer at regimented times while incarcerated at the Allen County Jail from May 19, 2023, through January 22, 2025, in violation of Religious Land Use and Institutionalized Persons Act;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Sheriff in his official capacity at the Allen County Sheriff's Department, with a copy of this order and the complaint (ECF 14); and

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Allen County Sheriff's Department to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 16, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT